FILED
LODGED
RECEIVED | **MAIL**

MOTION UNDER 28 U.S.C. SECTION 2255
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MAY 3 1 2016

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

---

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY

---

United States of America                )
                                        )  **16  CV-00814** TSZ
                                        )
                                        )  CASE NO._____
                                        )  (To be supplied by clerk)
      v.                                )
                                        )
JOHNNY M. WILLIAMS JR.  24434-086       )
      (Full name and prison number of movant)  )

**IF THE MOVANT HAS A SENTENCE TO BE SERVED IN THE <u>FUTURE</u> UNDER
A FEDERAL JUDGMENT WHICH HE WISHES TO ATTACK, HE SHOULD
FILE A MOTION IN THE FEDERAL COURT WHICH ENTERED THE
JUDGMENT.**

1.  Place of detention, or if on parole, date of parole release
    TERRE HAUTE FCI TERRE HAUTE, IN 47808

2.  Name and location of court which sentence was imposed and name of judge who imposed the
    sentence which is now under attack.
    US DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON

Revised 06/05/2015

3.   Date of judgment of conviction:
MARCH 27, 1995

4.   Case number: CR9409559TSZ; CR94-398Z; CR94-548Z; CR94550Z; CR94-604Z

5.   Length of sentence: 1,104 months

6.   Nature of offense involved (all counts): Conspiracy to Commit Bank ROBBERY, BANK ROBBERY, CARRY OR USE OF A FIREARM DURING A CRIME OF VIOLENCE

7.   What was your plea?                    (check one)

     (A)   Not guilty                         ☐
     (B)   Guilty                             ☒
     (C)   Nolo Contendere                    ☐

8.   Kind of trial:                          (check one)

     (A)   Jury                              ☐
     (B)   Judge only                         ☒

9.   Did you testify at the trial?
     Yes   ☐                    No   ☒

10.  Did you appeal from the judgment of conviction?
     Yes   ☐                    No   ☒

11.  If you did appeal, answer the following:

     (A)   Name of court_____

     (B)   Result_____

     (C)   Date of result_____

12.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
     Yes   ☐                    No   ☒

Revised 06/05/2015

(D)    Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

    (1)    First petition, etc.        Yes ☐    No ☐

    (2)    Second petition, etc.    Yes ☐    No ☐

    (3)    Third petition, etc.     Yes ☐    No ☐

(E)    If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

14.    State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

**CAUTION:   IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS MOTION, YOU MAY BE BARRED FROM PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.**

A.    Ground one _____ MOVANT'S 924 C CONVICTIONS MUST BE VACATED.

_____

Supporting FACTS: (Tell your story briefly without citing cases or law.)
As a result of case law precedent, Movant's 924 C convictions are no longer valid, as 924 (c)(3)(B) is unconstitutional as a result of Supreme Court precedent.

3

Supporting FACTS:  (Tell your story briefly without citing cases or law.)

_____

_____

_____

_____

_____

15.  If any of the grounds listed in 14 A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

_____

    This Motion is proeprly filed under 28 USC 2255

2255 (f)(3).
_____

_____

16.  Do you have any petition or appeal now pending in any court as to the judgment under attack?     Yes ☐          No ☒

(A)   If "YES," state the name of the court and the nature of the proceeding:

_____

_____

_____

17.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A)   At preliminary hearing ___Paula  Deutsch,  Federal  Defender

_____

(B)   At arraignment and plea ___Same as ¶ 15 a._____

_____

Revised 06/05/2015

4

(C)   At trial _____ Same as ¶ 15 a. _____

_____

(D)   At sentencing _____ Same as ¶ 15 a. _____ ,

_____

(E)   On appeal _____ None filed. _____

_____

(F)   In any post-conviction proceeding __ None filed. _____

_____

(G)   On appeal from any adverse ruling in a post-conviction proceeding _____

_____ None filed _____

18.   Were you sentenced on more than one count of an indictment, or more than one indictment, in the same court and at approximately the same time?   Yes   ■   No   ☐

19.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?   Yes   ☐   No   ■

(A)   If so, give the name and location of the court which imposed the sentence to be served in the future: District of Washington _____

_____

(B)   And give the date and length of sentence to be served in the future: _____

Consecutive terms under 924 c. _____

5

Revised 06/05/2015

JOHNNY M. WILLIAMS JR.

Terre Haute FCI
P.O. Box 33
Terre Haute, IN 47808

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No._____ |
| Respondent, ) | |
| Vs. ) | |
| JOHNNY M. WILLIAMS, ) | |
| Defendant-Movant, ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE, 28 U.S.C. § 2255

COMES NOW, defendant JOHNNY M. WILLIAMS    (Movant), pro se, and moves this Court for an Order to vacate, set aside, or correct the Judgement of Conviction and Sentence previously imposed in the above-entitled and numbered cause, pursuant to Section 2255 of Title 18 of the United States Code.

In Support whereof, Movant respectfully shows the Court that:

## <u>NATURE OF PROCEEDING</u>

This Motion is brought pursuant to <u>Title 28</u>, <u>United States Code</u>, <u>Section 2255</u>, which provides that: " § 2255 Federal custody ; remedies on motion attacking sentence.

" (a)  A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or that the sentence was in excess of the Maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence."

2

# EVIDENTIARY HEARING REQUIRED

" (b)  Unless the Motion and the filings and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issue and make findings of fact and conclusions of law with respect hereto."

An order granting an evidentiary hearing in section 2255 cases carries with it the same automatic right to the appointment of counsel for indigents as in habeas corpus proceedings. And See: Fontaine V. United States, 411 U.S. 213, 215 (1973) [reversing summary dismissal and remanding for hearing because "motion and the files and records of the case [did not] conclusively show that the Petitioner is entitled to no relief"]; Sanders V. United States, 373 U.S. 1, 19-21 (1963); Lafuente V. United States, 617 F.3d 944, 946-47 (7th Cir. 2010) (per curiam) [district court abused discretion by denying section 2255 motion "without discovery or hearing." "The Petitioner's pro se motion, sworn statement, and corroborating evidence show that his allegations are plausible, and are sufficient to warrant further inquiry by the district court."] Owens V. United States, 483 F.3d 48, 60 (1st Cir. 2007) [because Owens' allegations are not implausible and because they could, if true, entitle him to relief, the district court's decision to deny an evidentiary hearing was an abuse of discretion."]; United States V. Jackson, 209

3

F.3d 1103, 1110 (9th Cir. 2001) [district court abused discretion in denying evidentiary hearing, given that "the Motion, files and record in this case could not have shown conclusively that Jackson is not entitled to relief"]; <u>Arrendondo V. United States</u>, 178 F.3d 778, 782, 788-89 (6th Cir. 1999) [district court abused its discretion in refusing to hold evidentiary hearing on ineffective assistance claim, given that petitioner's allegations were not "contradicted by the record, inherently incredible, or conclusions rather than statements of fact"] (quoting <u>Engelen V. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995); <u>Ciak V. United States</u>, 59 F.3d 296, 206-07 (2nd Cir. 1995) [district court should…Have granted evidentiary hearing because movant "alleged facts, which if found to be true, would have entitled him to habeas relief"].

Because Movant has submitted the Motion-in-chief, a supporting affidavit; and uncontroverted evidence, this court should conduct and evidentiary hearing.

## STATEMENT OF CASE

Movant was convicted of the offenses, inter alia, **Bank Robbery***and **Carry or Use of a Firearm During a Crime or Violence**. 18 U.S.C. § 2113(A) and 18 U.S.C. § 924(c).

Based upon those convictions, Movant received distinct and consecutive term of imprisonment for each offense, as the Bank Robbery was determined to be violent, whereupon a consecutive term of imprisonment for violating **§ 924 c** was mandated.

In the event, Movant's consecutive term is premised upon a finding the **Bank Robbery** is violent, under the Statutory Definition set out at **18 U.S.C. § 924(c)(3)(B).**

Because the recent decision of the Supreme Court has abrogated the **"Residual Clause"**, under **18 U.S.C. § 924(e)(2)(B)(ii)**, and as will be discussed, resultingly abrogated any Statute which is **in para materia**, which **§ 924(c)(3)(B)** is, Movant's **§ 924 c** conviction is no longer supportable.

Indeed, Movant is actually innocent of any **§ 924 c** crime, as his conduct **did not violate federal law**.

As such, Movant's **§ 924 c** sentence must be vacated, and Movant sentenced, de novo, solely upon the Bank Robbery conviction, instanter.

\* Both substantive and Conspiracy Counts.

## ARGUMENT

**I.     The Residual Clause of 18 U.S.C. § 924(c) is unconstitutional.**

The Seventh Circuit has invalidated identical language found in 18 U.S.C. § 16(b). **United States v. Vivas-Ceja**, 808 F.3d 719 (7th Cir. 2015). If the government presents a lengthy argument that **Vivas-Ceja** was wrongly decided, that argument is better addressed to the Seventh Circuit.

Although **Vivas-Ceja** involved section 16(b), its impact on section 924(c) is not open to serious question. The operative language of these two residual clauses is not merely "virtually the same." **It is the same.** The impact of **Vivas-Ceja** on section 924(c) has already been recognized in **United States v. Lattanaphom**, 2016 WL 393545, at *5 (N.D. Cal. Feb. 2, 2016), which invalidated the residual clause of section 924(c).

**II.    Bank Robbery under 18 U.S.C. 2113(A) does not come within the force clause.**

Movant was convicted of the offense of**, inter alia**, Bank Robbery, **18 U.S.C § 2113**, and Carry of Use of a Firearm During and In Relation to a Crime of violence. **18 U.S.C. § 924(c)(1)(A)**. It is apodictic that **§ 2113(A)**, the "crime of violence" whereupon the **§ 924(c)** conviction is predicated, does not only involve the use, threatened use, or attempted use, as a scienter. As the Supreme Court

6

found in **United States v. Culbert**, 435 U.S. 371 (1978), not all **§ 2113(A)** crimes require the use of force during the course or the conduct as prescribed by the statute. Thusly, for Petitioner to be punished for the Cary or Use of a Firearm During and in Relation to a Crime of Violence, the "crime of violence" must itself be so defined and identified as such, under **18 U.S.C. § 16 and 18 U.S.C. § 924(c)(3)**. In the event, as the § 2113(A) crimes do not require a force scienter, the evaluation as to "violence" necessarily falls under the **"otherwise"** language at **18 U.S.C. § 16(b) and 18 U.S.C. § 924(c)(3)(B)**. The statutory mandate in § 16(b) and § 924(c)(3)(B), as also found in **18 U.S.C. § 924(e)(2)(B)(ii)**, are **in para matreria**. See: **United States v. Vivas-Ceja**, 808 F.3d 719 )7th Cir. 2015); and see: **Dimaya v. Lynch**, 803 F.3d 1110 (9th Cir. 2015); **United States v. Gonzalez-Longoria**, 813 F.225 (5th Cir. 2016).

Because the holding in **Johnson**, supra 135 S. Ct. 2551, made applicable on collateral review, **Welch**, supra 578 U.S.___, rendered the Residual Clause unconstitutional, each of the **in para materia** statutes are equally void.

As such, Petitioner's **§ 924 c** crime must be vacated, as the conduct did not take place during or in relation to a defined crime of violence.

Parenthetically, one of the possible ways in which a defendant may commit a **§ 2113(A)** crime involves force. However, such does not require the use, threatened use, or attempted use of physical force, especially as defined by the

Supreme Court in 2010. See: **Johnson v. United States**, 559 U.S. 133 (2010) [Physical force means violent force]. Thusly, as it is possible to violate **§ 2113(A)** without violence of any type, Petitioner's **§ 924 c** sentences must be vacated.

Moreover, the designation of "force" as an alternative to "violence" means that the statute punishes even the use of minimal force, not the force that is required by **Johnson (2010)**. Given the "violence" alternative in Bank Robbery, one cannot assume that "force" in **§ 2113(A)** is the same as the "force" denounced in section 924(c). The drafters of **§ 2113(A)** apparently regarded "violence" as somehow different from "force".

Robbery has historically envisioned any use of force, even force of a lesser degree than the force described in **Johnson (2010),** as sufficient to accomplish the offense. In **United States v. Rodriguez**, 925 F.2d 1049, 1052 (7th Cir. 1991), this Court held that even though a "rather minimal amount of force was used to break a key chain, it was sufficient evidence of robbery to sustain a conviction under 18 U.S.C. § 2114 (robbery of a postal carrier). **Id**. At 1052. **Rodriguez** states: "Courts have upheld robbery convictions when the item taken is "so attached to the person or his clothes as to require some force to effect its removal." 2 W. LaFave & A. Scott, Jr., **Substantive Criminal Law** § 8.11(d)(1) at 446 (1986) (citing cases). **Id** at 1052.

Since Bank Robbery allows for a conviction based on any of three alternatives, a separate sentence cannot be justified, unless **§ 2113(A)** is considered a divisible statute. As far as can be determined, no court has ever treated Bank Robbery as divisible with regard to these three alternatives. They should be regarded as separate means of violating the statute, not separate elements.

### III.    The motion is timely.

Movant's motion relies on **Johnson**, which was decided June 26, 2015. **Welch** has now held that **Johnson** applies retroactively. His motion, therefore, falls within the one-year statute of limitations. Although **Johnson** specifically dealt with the Armed Career Criminal Act, its reasoning led inexorably to the result in **Vivas-Ceja**, just as it leads inexorably to the result in this case. The government has presented no authority for the proposition that a Supreme Court decision involving one statute has not impact on the consideration of other statutes that have substantially the same language as the specified statute considered by the Supreme Court.

The government may not assert that Movant cannot bring his claim because he did not assert his claim on a direct appeal. The government must pay sufficient attention to **Murray v. Litwin**, 477 U.S. 478, 488 (1986) and **Reed v. Ross**, 468 U.S. 1, 17 (1984), which hold that any default in not raising an argument can be excused when the constitutional claim is so novel that its legal basis is not

reasonably available to counsel. For years, the Supreme Court accepted that ACCA's residual clause was constitutional. Only after much effort to make sense of it did the Court abandon the effort in 2015, when it decided **Johnson**. Movant cannot be faulted for not asserting his claim in 2003, when that claim was given life only in 2015, with the Supreme Court overruling a line of cases.

## CONCLUSION

**Wherefore,** Movants prays that this Motion is GRANTED;

    A. That the Court vacate, set aside, or correct the sentence herein; or in the alternative,

    B. Order an evidentiary hearing, and

    C. Order such other and further relief as the Court may deem just and proper.

Signed under penalty of perjury, this _23_ Day of ___May___ 20_16_, at Terre Haute, Indiana.

JOHNNY M. WILLIAMS JR.
Movant
Pro Se

11

WHEREFORE, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of ~~attorney~~ (if any)   PRO SE

JOHNNY M. WILLIAMS JR.

Signature of Movant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___MAY 23 2016_____
                        (date)

Signature of Movant

JOHNNY M. WILLIAMS  Jr.

6

Revised 06/05/2015