UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY M. WILLIAMS, JR., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | C16-814 TSZ <br><br> (related to CR94-398 TSZ <br> CR94-548 TSZ <br> CR94-550 TSZ <br> CR94-604 TSZ) <br><br> ORDER |

THIS MATTER comes before the Court on petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015), to argue that the firearm enhancements, which comprise the bulk of his sentence, should be vacated. Petitioner's contention lacks merit.

Petitioner was convicted of five counts of armed bank robbery and five counts of the use of a firearm during the commission of a crime of violence. His sentence was based on a total offense level of 25 and a criminal history category of III, resulting in a guideline range of 70-to-87 months, to run consecutively to a total of 85 years in enhancements (one 5-year enhancement and four 20-year enhancements). No portion of petitioner's sentence was computed pursuant to the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), which was at issue in *Johnson*, or pursuant to the provision of the

ORDER - 1

Immigration and Nationality Act concerning penalties for illegal reentry by removed aliens, 8 U.S.C. § 1326(b), which was at issue in <u>Vivas-Ceja</u>.  Moreover, unlike in <u>Johnson</u> and <u>Vivas-Ceja</u>, in this case, a "residual clause" was not used to determine petitioner's sentence.  Rather, petitioner received firearm enhancements under 18 U.S.C. § 924(c) pursuant to the "elements" definition of a "crime of violence," which treats a felony as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." <u>Id.</u> at § 924(c)(3)(A). Although bank robbery can be accomplished by various means, petitioner was indicted for carrying out such offense "by force and violence, or by intimidation," <u>see</u> 18 U.S.C. § 2113(a), and neither <u>Johnson</u> nor <u>Vivas-Cejai</u> support an argument that the statute under which the firearm enhancements of petitioner's sentence were imposed, namely 18 U.S.C. §§ 924(c)(1)&(3)(A), is unconstitutionally vague.

Petitioner's § 2255 motion, docket no. 1, is DENIED.  In addition, because "jurists of reason" could not conclude that the issue presented is "adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003), a certificate of appealability is DENIED.  The Clerk is DIRECTED to send a copy of this Order to petitioner pro se and all counsel of record, and to close this case.

IT IS SO ORDERED.

Dated this 10th day of June, 2016.

_Thomas S. Zilly_
Thomas S. Zilly
United States District Judge

ORDER - 2